UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DEREK MORTLAND, | ) Case No. 4:25-cv-61 |
| Plaintiff, | ) |
| | ) Judge |
| v. | ) |
| AES RESTAURANT GROUP, LLC, an Indiana limited liability company, | ) |
| | ) |
| And | ) |
| | ) |
| FOCUS REALTY GROUP LLC, an Indiana limited liability company, | |
| Defendants. | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

NOW COMES Derek Mortland, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., who hereby files this Complaint against the named defendant Focus Realty Group LLC, an Indiana limited liability company, and defendant AES Restaurant Group, LLC, an Indiana limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendants' property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Derek Mortland ("Plaintiff" or "Mr. Mortland"), is an Ohio resident, is *sui juris*, and qualifies as an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant Focus Realty Group LLC owns the property and Defendant AES Restaurant Group, LLC operates the business located at 4066 South St., Lafayette, IN 47905 in Tippecanoe County, which is an Arby's restaurant.

6. Plaintiff has patronized Defendants' property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7. The restaurant owned and operated by the Defendants was originally built by the Defendants or its predecessor in interest commencing in 1994 and granted permits for occupancy in 1994 as well as underwent extensive renovation and alteration by the Defendants (or its predecessor) in 2019 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Based upon occupancy and renovation dates, full compliance with the implementing regulations of the ADA is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

8. The restaurant owned or operated by the Defendants is non-compliant with the remedial provisions of the ADA. As the Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, the Defendant is responsible for complying with the obligations of the ADA. Defendant's restaurant is a place of public accommodation. Defendant's property and business fail to comply with the ADA and its regulations, as also described further herein.

9. Mr. Mortland is paralyzed as a result of a spinal cord injury and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10. Mr. Mortland is employed as an ADA speaker, consultant, expert and ADA coordinator, with one aspect of his expertise focusing on inspection of places of

public accommodation for ADA compliance and in that capacity has consulted for private clients throughout Indiana. He travels to Northern and Central Indiana many times annually for business.

11. In addition to the Plaintiff's business travels, Mr. Mortland is a race car enthusiast, as well as National Auto Sport Association (NASA) time trials driver and National Auto Sport Association driving instructor for the NASA Great Lakes Region. Mr. Mortland has been driving and instructing two to three times annually at Autobahn Country Club racetrack in Joliet, Illinois every year since 2013 as well as attending banquets and functions for his motorsports clubs. This restaurant and Lafayette, Indiana are on Mr. Mortland's route from home. This brings him to the region frequently. During these visits, he frequents nearby hotels, recreational venues, and restaurants, including the Defendant's property that forms the subject of this complaint.

12. On May 28, 2025, Plaintiff was a customer of the restaurant and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

13. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be

subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

14. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

15. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of the restaurant owned or operated by the Defendants has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

**Parking and Accessible Routes:**

A. Some designated accessible parking spaces entirely lack access aisles, in violation of the ADA Section 502.2 of the 2010 Standards and 1991 ADAAG Section 4.6.3, whose remedy is readily achievable.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

B. Some designated accessible parking spaces lack required signage, in violation of the ADA and Section 502.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

C. Access aisles do not connect to an accessible route, in violation of the ADA Section 502.2 of the 2010 Standards and 1991 ADAAG Section 4.6.3, whose remedy is readily achievable.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

D. There are cracks and changes in level on the designated accessible parking surfaces, in violation of the ADA section 502.4 of the 2010 Standards and 1991 ADAAG Section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

E. The accessible route to the entrance has cracks and changes in level in excess of 1/4 inch, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.5.2, whose remedy is strictly required or, at minimum, readily achievable.

F. Curb ramps have no level landing, in violation of the ADA and Section 405.7 of the 2010 Standards and 1991 ADAAG Section 4.8 whose remedy is strictly required or, at minimum, readily achievable.

G. There is no accessible route to the entrance due to the presence of non-compliant ramps, in violation of the ADA and section 402.2 of the 2010 Standards and 1991 ADAAG section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

**Restrooms**

   H. The men's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and Section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

   I. The vertical grab bar around the water closet in the men's restroom impedes use of the side grab bar, in violation of the ADA and Section 609.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

   J. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable. A survey of the restroom is necessary.

**Dining**

   K. The restaurant lacks accessible dining surfaces due to tables without required clear floor space for wheelchairs, in violation of the ADA and Sections 226.1 and 902.4.1 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is strictly required or, at minimum, readily achievable.

**Policies and Procedures**

   L. The Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy whose remedy is strictly required or at minimum is readily achievable.

M.  The Defendant's inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Derek Mortland.

17. The discriminatory violations described in Paragraph 15 by the Defendants is not an exclusive list of the ADA violations believed to exist at the place of public accommodation.  Plaintiff requires further inspection of the Defendants' place of public accommodation and facilities in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The restaurant at issue, as owned and/or operated by the Defendant Focus Realty Group LLC and Defendant AES Restaurant Group, LLC constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the store accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

23. Plaintiff restates the allegations of ¶¶1-2 as if fully rewritten here.

24. The Defendants Focus Realty Group LLC and AES Restaurant Group, LLC own and operates a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

25. Defendants have committed unlawful acts pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. To wit, the restaurant lacks compliant, safe and accessible parking spaces as well as lack a compliant and safe accessible route from the parking to the restaurant's entrance.

26. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled

persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)*
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
obdjr@owendunnlaw.com
*admitted to practice in U.S.D.C. for N.Dist. of
  Indiana